Russell J. Burke
Nevada Bar No. 12710
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
burker@ballardspahr.com

Louis L. Chodoff (admitted pro hac vice)
N.J. Bar No. 037281988
Christopher T. Cognato (admitted pro hac vice)
N.J. Bar No. 020292009
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
Telephone: (856) 761-3400

*Attorneys for Plaintiff/Counter-Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSCOUNTRY MORTGAGE, INC,<br><br>Defendant. | Case No.: 2:18-cv-00270-APG-CWH<br><br>**FREEDOM MORTGAGE CORPORATION'S REPLY TO COUNTERCLAIM BY CROSSCOUNTRY MORTGAGE, INC.** |

Plaintiff Freedom Mortgage Corporation ("Freedom"), by and through its counsel of record, Ballard Spahr LLP, hereby files this Reply to CrossCountry Mortgage, Inc.'s ("CCM's") Counterclaim as follows:

## Nature of the Action[1]

1. Freedom repeats its allegations in the Complaint as though fully set forth herein.

---

[1] The Counterclaim contains several headings and sub-headings that may be read to include allegations against Freedom. To the extent these headings are intended as allegations, they are denied. They are repeated here only for the Court's convenience.

DMEAST #34681728 v1

2. Freedom admits that CCM seeks the relief identified in Paragraph 2 of the Counterclaim, but denies that CCM is entitled to any such relief. Freedom denies the remaining allegations of Paragraph 2 of the Counterclaim.

3. Freedom denies the allegations in Paragraph 3 of the Counterclaim.

4. Freedom denies the allegations in Paragraph 4 of the Counterclaim.

5. Freedom denies the allegations in Paragraph 5 of the Counterclaim.

6. Freedom is without sufficient information to admit or deny the allegations in the second, third, and fourth sentences of Paragraph 6 of the Counterclaim and therefore denies the same. Freedom admits the fifth sentence of Paragraph 6 of the Counterclaim. Freedom denies the remaining allegations in Paragraph 6 of the Counterclaim.

7. Freedom denies the allegations in Paragraph 7 of the Counterclaim.

8. Freedom denies the allegations in Paragraph 8 of the Counterclaim.

9. Freedom admits that CCM has hired former Freedom employees in locations such as Melville, New York. Freedom denies the remaining allegations in Paragraph 9 of the Counterclaim.

10. Freedom admits that it filed a complaint against CCM in the United District Court for the District of New Jersey and that it voluntarily dismissed the action. Freedom denies the remaining allegations in Paragraph 10 of the Counterclaim.

11. Freedom submits that Paragraph 11 of the Counterclaim contains only legal conclusions that do not require a response, and Freedom denies the allegations on that basis.

### Parties

12. Freedom admits that CCM is headquartered in Brecksville, Ohio and that it is a retail mortgage lender that is licensed in all 50 states. Freedom also admits that CCM competes directly with Freedom. Freedom is without sufficient

Ballard Spahr LLP
One Summerlin, 1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135-2958

information to admit or deny the remaining allegations in Paragraph 12 of the Counterclaim and therefore denies the same.

13. Freedom admits that it is headquartered in Mount Laurel, New Jersey and that it is a mortgage lender, operating in all 50 states. Freedom lacks sufficient information to admit or deny the remaining allegations in Paragraph 13 of the Counterclaim and therefore denies the same.

## Jurisdiction and Venue

14. Freedom submits that Paragraph 14 of the Counterclaim contains only legal conclusions that do not require a response, and Freedom denies the allegations on that basis.

15. Freedom submits that Paragraph 15 of the Counterclaim contains only legal conclusions that do not require a response, and Freedom denies the allegations on that basis.

16. Freedom submits that Paragraph 16 of the Counterclaim contains only legal conclusions that do not require a response, and Freedom denies the allegations on that basis.

## Background

### A.  The Previous Business Relationship Between CrossCountry and Freedom Mortgage

17. Freedom lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Counterclaim and therefore denies the same.

18. Freedom admits the first sentence of Paragraph 18 of the Counterclaim. Freedom admits that Robert Porges and David Sheeler have the titles assigned to them in Paragraph 18 of the Counterclaim and that they had the same titles in 2016 and 2017. Freedom denies the remaining allegations in Paragraph 18.

### B. CrossCountry's Hiring of Certain Former Freedom Mortgage Employees in Las Vegas

19. Freedom denies the allegations in Paragraph 19.

20. Freedom denies the allegations in Paragraph 20.

21. Freedom admits that CCM hired Ed Kami, Christina Singleton, and several other former Freedom employees. Freedom denies the allegations in Paragraph 21.

22. Freedom denies the allegations in Paragraph 22.

23. Freedom denies the allegations in Paragraph 23.

24. Freedom denies the allegations in Paragraph 24.

25. Freedom denies the allegations in Paragraph 25.

26. Freedom denies the allegations in Paragraph 26.

27. Freedom denies the allegations in Paragraph 27.

### C. Freedom Mortgage's March 2017 Letters Regarding Mr. Kami

28. Freedom denies the allegations in Paragraph 28 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom admits that it sent CCM a letter dated March 10, 2017 regarding Mr. Kami (the "Kami Letter"). Freedom denies the remaining allegations in Paragraph 28 of the Counterclaim.

29. Freedom denies the allegations in Paragraph 29 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom denies the remaining allegations in Paragraph 29 of the Counterclaim.

30. Freedom is without sufficient information to admit or deny the allegations in Paragraph 30 of the Counterclaim and therefore denies the same.

### D. Freedom Mortgage Devises a Scheme to Harm CrossCountry

31.  Freedom denies the allegations in Paragraph 31 of the Counterclaim.

32.  Freedom admits the allegations in Paragraph 32 of the Counterclaim.

33.  Freedom denies the allegations in Paragraph 33 of the Counterclaim.

34.  Freedom lacks sufficient information to admit or deny the allegations in Paragraph 34 of the Counterclaim and therefore denies the same.

35.  Freedom admits that a call among the individuals identified in paragraph 35 of the Counterclaim took place on or around June 20, 2017 and that, during that call, the parties discussed the possibility of CCM selling Freedom loans. Freedom also admits that the parties discussed resolving a legal claim Freedom planned to pursue against CCM because of CCM's tortious conduct against Freedom, as described in the Complaint filed by Freedom in this action. Freedom denies the remaining allegations in Paragraph 35 of the Counterclaim.

36.  Freedom denies the allegations in Paragraph 36 of the Counterclaim.

37.  Freedom denies the allegations in Paragraph 37 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom denies the remaining allegations in Paragraph 37 of the Counterclaim.

38.  Freedom denies the allegations in Paragraph 38 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom denies the remaining allegations in Paragraph 38 of the Counterclaim.

39.  Freedom admits that, on or around June 27, 2017, Eric Julian was in contact with Kevin Alexander regarding the possibility of CCM selling loans to

Freedom and that the two discussed proposed pricing for such a transaction. Freedom denies the remaining allegations in Paragraph 37 of the Counterclaim.

40. Freedom denies the allegations in Paragraph 40 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom denies the remaining allegations in Paragraph 40 of the Counterclaim.

41. Freedom admits that, on or around June 28, 2017, the individuals named in Paragraph 41 of the Counterclaim discussed the possibility of CCM selling loans to Freedom and that they discussed proposed pricing for such a transaction. Freedom further admits that the same individuals discussed resolving Freedom's claims against CCM. Freedom denies the remaining allegations in Paragraph 41 of the Counterclaim.

42. Freedom admits that, on or around July 7, 2017, Mr. Porges and Mr. Schiffer discussed the possibility of CCM selling loans to Freedom. Freedom denies the remaining allegation in Paragraph 42 of the Counterclaim.

43. Freedom admits that, on or around July 10, 2017, Mr. Julian and Mr. Alexander discussed the possibility of CCM selling loans to Freedom. Freedom denies the remaining allegations in Paragraph 43 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom denies the remaining allegations in Paragraph 43 of the Counterclaim. Freedom denies the allegations in Paragraph 43 of the Counterclaim.

E.  **CrossCountry Responds to the Complaint, but Freedom Mortgage Continues to Insist on Uncompetitve [sic] Pricing**

44.  Freedom denies that Mr. Porges received a letter from Mr. Leonhardt regarding Freedom's claims against CCM.  Freedom denies the remaining allegations in Paragraph 44 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof.  Freedom denies the remaining allegations in Paragraph 44 of the Counterclaim.

45.  Freedom denies the allegations in Paragraph 45 of the Counterclaim.

46.  Freedom denies the allegations in Paragraph 46 of the Counterclaim.

47.  Freedom denies the allegations in Paragraph 47 of the Counterclaim.

F.  **Freedom Mortgage's Transition to Demanding a One-Sided Co-Issuance Agreement**

48.  Freedom denies the allegations in Paragraph 48 of the Counterclaim.

49.  Freedom denies the allegations in Paragraph 49 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof.  Freedom admits that, during September and October of 2017, Mr. Julian and Mr. Alexander discussed the possibility of Freedom and CCM entering into a co-issuance arrangement between their respective companies.  Freedom lacks sufficient information to admit or deny whether CCM was engaged in similar conversations with other companies and the content of the conversations, as alleged in Paragraph 49 of the Counterclaim, and therefore denies the same. Freedom denies the remaining allegations in Paragraph 49 of the Counterclaim.

50. Freedom denies the allegations in Paragraph 50 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom denies the remaining allegations in Paragraph 50 of the Counterclaim.

51. Freedom denies the allegations in Paragraph 51.

**G. Freedom Mortgage's Transition to Demanding a One-Sided Co-Issuance Agreement**

52. Freedom admits that, on or around November 10, 2017, it filed a claim against CCM in the United States District Court for the District of New Jersey. Freedom denies the remaining allegations in Paragraph 52 of the Counterclaim.

53. Freedom denies the allegations in Paragraph 53 of the Counterclaim to the extent that they purport to characterize the terms of a writing and refers the Court to the document for the contents thereof. Freedom admits that CCM moved to dismiss the action Freedom filed in the District of New Jersey, arguing in part that CCM was not subject to personal jurisdiction in New Jersey, and that Freedom moved to dismiss its complaint before filing the instant action in this Court. Freedom denies the remaining allegations in Paragraph 53 of the Counterclaim.

54. Freedom denies the allegations in Paragraph 54 of the Counterclaim.

### Count One

(Unfair Competition Based Upon Legal Action)

55. Freedom repeats its answers in Paragraphs 1-54 of the Counterclaims as though fully set forth herein.

56. Freedom denies the allegations in Paragraph 56 of the Counterclaim.

57. Freedom denies the allegations in Paragraph 57 of the Counterclaim.

58. Freedom denies the allegations in Paragraph 58 of the Counterclaim.

59.   Freedom denies the allegations in Paragraph 59 of the Counterclaim.

## IV.   AFFIRMATIVE DEFENSES:

Freedom continues to investigate CCM's claims and does not waive any affirmative defenses. Freedom reserves its right to amend this Reply to the Counterclaim and add any subsequently discovered affirmative defenses or claims.

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

If CCM suffered any damages or losses, such damages or losses were caused in whole or in part by its own acts, omissions, or conduct. In addition, if any damages have resulted for which Freedom is held liable, CCM failed, in whole or in part, to mitigate its damages.

### Third Affirmative Defense

CCM is not entitled to the damages sought in the Counterclaim.

### Fourth Affirmative Defense

CCM is not entitled to attorneys' fees as a matter of law.

### Fifth Affirmative Defense

Freedom's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury, or loss suffered by CCM, the existence of which is denied.

### Sixth Affirmative Defense

CCM's claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Counterclaim fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny CCM its rights, and are not wanton or willful actions by Freedom.

### Seventh Affirmative Defense

The claims asserted in the Counterclaim are barred in whole or in part by the applicable statute of limitations.

### Eighth Affirmative Defense

CCM's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

### Ninth Affirmative Defense

Freedom is not liable for acts and/or omissions of its employees that were conducted outside the scope of their employment.

### Tenth Affirmative Defense

CCM's claims are barred by the doctrine of unclean hands.

### Eleventh Affirmative Defense

CCM's claims are barred because of Freedom's privilege or justification as a competitor or CCM.

### Twelfth Affirmative Defense

CCM's claims are barred because all proofs to be put forth by CCM are inadmissible as evidence under Rule 408 of the Federal Rules of Evidence.

## PRAYER FOR RELIEF

WHEREFORE, Freedom prays that for the following relief:

1. That CCM take nothing by way of its Counterclaim; and

2. That the Court grant the relief sought by Freedom in its Complaint.

Dated: July 23, 2018.

BALLARD SPAHR LLP

By: /s/ Russell J. Burke

Russell J. Burke
Nevada Bar No. 12710
100 North City Parkway, Suite 1750
Las Vegas, NV 89106

Louis L. Chodoff (admitted pro hac vice)
N.J. Bar No. 037281988
Christopher T. Cognato (admitted pro hac vice)
N.J. Bar No. 020292009
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
Telephone: (856) 761-3400

*Attorneys for Plaintiff Freedom Mortgage Corporation*

DMEAST #34681728 v1           12

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of July 2018, a true and correct copy of **FREEDOM MORTGAGE CORPORATION'S REPLY TO COUNTERCLAIM BY CROSSCOUNTRY MORTGAGE, INC.** was served to all parties and/or counsel of record via the Court's CM/ECF electronic system.

/s/ Sarah H. Walton
An Employee of Ballard Spahr LLP

Ballard Spahr LLP
One Summerlin, 1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135-2958

DMEAST #34681728 v1          13